# United States District Court
### NORTHERN DISTRICT OF TEXAS
#### DALLAS DIVISION

JIMMIE JUNIOR NOLDEN §
§
v. §
§   CIVIL ACTION NO. 3:25-CV-1819-S
§
RYDER INTEGRATED LOGISTICS, §
INC., NAPIER CARTAGE, LLC, and §
JAMES NAPIER §

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Defendant Ryder Integrated Logistics, Inc.'s Motion for Summary Judgment ("Motion") [ECF No. 8]. The Court has reviewed the Motion, Defendant's Brief in Support of the Motion ("Brief") [ECF No. 9], the summary judgment evidence, and the applicable law. Plaintiff Jimmie Junior Nolden did not file a response in opposition to the Motion. For the following reasons, the Court **GRANTS** the Motion.

## I. BACKGROUND

According to Plaintiff's Original Petition, this suit arises from an automobile collision. Pl.'s Orig. Pet. [ECF No. 1-5] ¶ 9. Plaintiff alleges that, at the time of the collision, Defendant James Napier was acting in the course and scope of his employment with Defendants Ryder Integrated Logistics, Inc., and Napier LLC. *Id.* ¶ 13. Plaintiff sued Napier for negligence and negligence per se and Ryder Integrated and Napier LLC for negligent hiring and training and respondeat superior. *Id.* ¶¶ 12-14. Ryder Integrated now moves for summary judgment.

## II. LEGAL STANDARD

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination,

courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a party bears the burden of proof on an issue, he "must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to summary judgment either by (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) showing that there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322-25. Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact so that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "[C]onclusory statements, speculation, and unsubstantiated assertions" will not suffice to satisfy the nonmovant's burden. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010). The Court resolves factual controversies in favor of the nonmoving party "only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999).

## III. ANALYSIS

Ryder Integrated argues that it is entitled to judgment in its favor because the Graves Amendment, 49 U.S.C. § 30106, precludes liability and because it owed no duty to Plaintiff. Br. 4-6. The Court considers each argument in turn.

2

### *A. The Graves Amendment*

The Graves Amendment provides in pertinent part:

An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if--

**(1)** the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and

**(2)** there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).

49 U.S.C. § 30106(a). The Graves Amendment "preempt[s] state law in the area of vicarious liability for owners engaged in the business of renting or leasing motor vehicles, absent a showing of negligence or criminal wrongdoing on the part of the owner." *Cates v. Hertz Corp.*, 347 F. App'x 2, 6 (5th Cir. 2009) (citing *Garcia v. Vanguard Car Rental USA, Inc.*, 540 F.3d 1242, 1253 (11th Cir. 2008)). But the Graves Amendment does not preempt theories of direct liability, like negligent hiring and training. *See Fuller v. Biggs*, 532 F. Supp. 3d 371, 380 (N.D. Tex. 2021) (declining to apply the Graves Amendment to a direct-liability theory of negligence); *O'Donnell v. Diaz*, No. 3:17-CV-1922-S, 2019 WL 1115715, at *2 (N.D. Tex. Mar. 11, 2019) (same).

Ryder Integrated argues that it cannot be held vicariously liable for Napier's negligence because it is in the business of renting vehicles and it rented the trailer that was involved in the collision to Napier Cartage. Br. 5. Ryder Integrated supports its argument with Napier's sworn affidavit, which states that "Napier Cartage LLC[] rented unit 577819 from Ryder Integrated Logistics, Inc." *Id.* Ex. A [ECF No. 9-1]. Plaintiff offers no controverting evidence.

Because Ryder Integrated is engaged in the business of renting vehicles and rented the trailer involved in the collision to Napier Cartage, the Graves Amendment bars Plaintiff's vicarious liability/respondeat superior claim against it.

### *B. Negligent Hiring and Training*

"Negligent hiring, training, supervision, and retention claims are simple negligence causes of action based on an employer's direct negligence rather than on vicarious liability." *Doe v. YUM! Brands, Inc.*, 639 S.W.3d 214, 225 (Tex. App.—Houston [1st Dist.] 2021, no pet.) (quotation marks omitted); *see Wansey v. Hole*, 379 S.W.3d 246, 247 (Tex. 2012). As such, Plaintiff's claims for negligent hiring and training require Plaintiff to establish that Ryder Integrated owed him a legal duty. *See Greater Hou. Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990) ("The plaintiff must establish both the existence and the violation of a duty owed to the plaintiff by the defendant to establish liability in tort.").

Ryder Integrated argues that Plaintiff cannot establish that it owed him any duty that would give rise to claims for negligent hiring or training. Br. 5-6. Ryder Integrated's uncontroverted evidence, in the form of Napier's affidavit, establishes that Ryder Integrated was "not involved in the hiring or training of James Napier." Br. Ex. A. Plaintiff declined to offer any evidence to establish that Ryder Integrated owed him a duty. Ryder Integrated is therefore entitled to judgment in its favor on these claims, too.

\*       \*       \*

In sum, viewing all evidence and drawing all reasonable inferences in the light most favorable to Plaintiff, the Court holds that Ryder Integrated is entitled to summary judgment on all of Plaintiff's claims against it.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Ryder Integrated Logistics,

Inc.'s Motion for Summary Judgment [ECF No. 8]. Plaintiff's claims against Ryder Integrated are

**DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

SIGNED January 21, 2026.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**